UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDDIE EARL HASKIN,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　　Respondent. | Case No. 2:20-cv-03811-JAK (JDE)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL |

　　　On April 27, 2020, the Court received a Petition for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1, "Petition" or "Pet.") from Eddie Earl Haskin ("Petitioner"), a California state prisoner proceeding pro se. The case was reassigned to the current judicial officers on July 21, 2020. Dkt. 9.

　　　The Petition is missing page two from the court's form habeas petition, where the state criminal case number underlying the judgment being challenged would normally be provided. However, Petitioner attached portions from the transcripts from the trial court for the proceedings underlying the conviction being challenged that reflect the underlying criminal case number is BA391618, a prosecution for domestic violence in Los Angeles Superior Court. See Dkt. 1 at 17 (CM/ECF pagination). Petitioner checked a

box indicated he had not "previously filed any habeas petitions in any federal court" regarding the judgment of conviction. Pet. at 5 (CM/ECF pagination).

On October 19, 2016, Eddie Earl Haskin filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court in Case No. 2:16-cv-07767-JAK-JDE ("Prior Action"). The petition in the Prior Action challenged a domestic violence conviction in underlying case number BA391618 from the Los Angeles Superior Court. Prior Action, Dkt. 1 ("Prior Petition") at 2. Following briefing, the Court accepted and adopted a Report and Recommendation recommending denial of the Prior Petition, entered an order denying the Prior Petition on the merits and dismissing the Prior Action with prejudice, and thereafter entered judgment in accordance therewith. See Prior Action, Dkt. 35, 36.

Based on a review of the Petition, as well as information derived from the docket of the Prior Action, it appears that the Petition herein constitutes a second or successive petition under 28 U.S.C. § 2244(b), as Petitioner previously sought habeas relief from the same judgment of conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a

2

prior application shall be dismissed unless –

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Here, as noted, it appears Petitioner previously challenged the same judgment of conviction in the Prior Action. Thus, the Petition now pending appears to constitute a second and/or successive petition and as such, Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate the issues raised by the Petition. Nothing in the record demonstrates that Petitioner has obtained the requisite authorization from the Ninth Circuit.

Therefore, it appears that the Court lacks jurisdiction to adjudicate the Petition.

\* \* \*

IT THEREFORE IS ORDERED that, within 21 days from the date of this Order, Petitioner show cause in writing why the Court should not dismiss this action for lack of jurisdiction because Petitioner failed to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition prior to filing it in this Court.

**Petitioner is warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute and comply with a court order.**

Dated: July 22, 2020

_____
JOHN D. EARLY
United States Magistrate Judge

4