UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDDIE EARL HASKIN,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　Respondent. | Case No. 2:20-cv-03811-JAK (JDE)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION AND REFERRING THE PETITION TO THE NINTH CIRCUIT COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(A) |

## I.

## INTRODUCTION

On April 27, 2020, the Court received a Petition for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1, "Petition" or "Pet.") from Eddie Earl Haskin ("Petitioner"), a California state prisoner proceeding pro se. The case was reassigned to the current judicial officers on July 21, 2020. Dkt. 9.

By the Petition, Petitioner seeks to challenge the legality of his custody stemming from a California state court criminal conviction. For the reasons set forth below, the Petition is dismissed for lack of subject matter jurisdiction and

referred to the United States Court of Appeal for the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

## II.
## PROCEDURAL HISTORY

Petitioner alleges a single ground for relief in the Petition, arguing his counsel was ineffective in failing to object to the admission of witness testimony at trial that was contrary to testimony given by the witness at the preliminary hearing. Pet at 2 (CM/ECF pagination). The Petition is prepared on this Court's standard form habeas petition, but page two is missing, the page on which the state criminal case number underlying the judgment being challenged would normally be provided. However, Petitioner attached portions from the transcripts from the challenged proceeding that reflect the underlying criminal case number is BA391618, a prosecution for domestic violence in Los Angeles Superior Court. See Dkt. 1 at 17 (CM/ECF pagination). In the Petition, Petitioner checked a box indicating he had not "previously filed any habeas petitions in any federal court" regarding the judgment of conviction. Pet. at 5 (CM/ECF pagination).

However, on October 19, 2016, Eddie Earl Haskin filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court in Case No. 2:16-cv-07767-JAK-JDE ("Prior Action"). The petition in the Prior Action challenged a domestic violence conviction in underlying case number BA391618 from the Los Angeles Superior Court. Prior Action, Dkt. 1 ("Prior Petition") at 2. Following briefing, the Court accepted and adopted a Report and Recommendation recommending denial of the Prior Petition, entered an order denying the Prior Petition on the merits and dismissing the Prior Action with prejudice, and thereafter entered judgment in accordance therewith. See Prior Action, Dkt. 35, 36.

The assigned magistrate judge, based upon a review of the Petition as well as information derived from the docket of the Prior Action, found that it appeared that the Petition constituted a second or successive petition under 28 U.S.C. § 2244(b) and ordered Petitioner to show cause why the Petition should not be dismissed by this Court and referred to the Ninth Circuit. See Dkt. 10 ("OSC").

Petitioner responded to the OSC, stating that the omission of the second page of the Petition and the failure to check the appropriate box regarding a prior petition were inadvertent mistakes due to his lack of legal training. Dkt. 11 ("Response") at 1-2. Petitioner did not contest the conclusions in the OSC, but instead requested permission to seek leave to file a second or successive Petition. Id. at 3.

## III.
## DISCUSSION

A. THE COURT LACKS JURISDICTION TO CONSIDER THE PETITION AS IT IS A SECOND OR SUCCESSIVE PETITION

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a

prior application shall be dismissed unless –

  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018) (citing § 2244(b)(3)(A).

  Here, Petitioner previously challenged the same judgment of conviction in the Prior Action, and that challenge was denied and dismissed on the merits. The facts underlying the instant Petition existed at the time of the Prior Action. Thus, the Petition now pending constitutes a second and/or successive petition and as such, Petitioner must, under § 2244(b)(3)(A), obtain permission to proceed from the Ninth Circuit before this Court can adjudicate the issues raised by the Petition. Nothing in the record demonstrates that Petitioner has

obtained the requisite authorization from the Ninth Circuit and Petitioner does not argue that he has; rather, he asks for leave to seek such authorization.

Therefore, this Court lacks jurisdiction to adjudicate the Petition. See Brown, 889 F.3d at 668; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

B.   "REFERRAL" OF HABEAS PETITION TO NINTH CIRCUIT

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals."

Although it is unclear whether the district court may both "refer" a petition to the Ninth Circuit and, at the same time, dismiss the petition, the Court concludes that simultaneous referral and dismissal is appropriate, particularly in light of Petitioner's request in his Response to the OSC that he be granted leave to file a second or successive petition. See Cielto v. Hedgpeth, 2014 WL 1801110, at *3 (C.D. Cal. Apr. 23, 2014).

### IV.

### ORDER

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the Petition to the United States Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive habeas petition. The Clerk of Court shall send a copy of the Petition and a copy of this Order to the Clerk of the United States Court of Appeals for the Ninth Circuit. The Clerk of Court shall provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

In addition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court and Local Rule of Court 72-3.2, IT IS

ORDERED that judgment be entered summarily dismissing the Petition without prejudice for lack of jurisdiction.

Dated: September 12, 2020

_____
JOHN A. KRONSTADT
United States District Judge

Presented by:

_____
John D. Early
United States Magistrate Judge